UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

THU L. NGUYEN                                              Case No. 09-16004-MAM-13

    Debtor


**ORDER DENYING CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

  Douglas K. Dunning, Attorney for Debtor, Mobile, Alabama
  Charles Baer and Gary Moore, Attorneys for the United States, Mobile, Alabama

This case is before the Court for the confirmation hearing on the debtor's chapter 13 plan. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The confirmation hearing is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is denying confirmation of the debtor's plan.

## FACTS

Thu Nguyen filed his chapter 13 case on December 30, 2009. He proposed a plan that would pay 100% of all of his debts, including the one owed to the United States over the five year life of his plan. The debt to the United States would be repaid without interest. The income to pay the debts would come from the nail salon he and his wife run at Brookwood Mall, Tip & Toe Nail Salon. The business operated as a sole proprietorship until shortly before the bankruptcy filing. On December 15, 2009, Nguyen transferred the business account to a new account in the name of Tip & Toe Nail Salon LLC. The LLC had been incorporated on July 7, 2008. The debtor's schedules list only two debts owed by Mr. Nguyen—the civil judgment of the United States and a $40,000 home equity line debt. Mr. Nguyen lists assets as his home

1

(owned jointly with his wife) valued at approximately $230,000 and a small amount of personal property.

On August 28, 2009, prior to his bankruptcy filing, Nguyen had had a civil judgment entered against him, for $90,896.95 for the wrongful importation of counterfeit Louis Vuitton purses and wallets. Nguyen had filed a response to the Government's motion for summary judgment that the U.S. District Judge found to be filed in bad faith and false. The Court awarded attorneys fees and costs to the United States of $16,413.33 due to the affidavit. Therefore, Nguyen owed the United States $118,160.42 at the time of the filing of his bankruptcy case according to the claim filed by the Government.

Before and after entry of the judgment, Nguyen transferred assets to family members. Nguyen and his wife jointly owned their home. There was only $513.62 owing on an equity line against the home until the week after the United States civil judgment was entered against him. At that time, he drew $40,000 against the equity line. He also paid funds to parties to whom he owed money (or so he testified in a deposition, but had no proof of the loans). Nguyen also transferred his business receipts to a new bank account which was not in his name. Finally, Nguyen acted as if he was going to pay the United States under an offer it gave to him and then, on the eve of the date a payment under the agreement was due, filed bankruptcy. The Government asserts that these actions were taken in bad faith to prevent it from collecting its judgment.

Nguyen stated he had reasons for the actions detailed above, beyond thwarting his creditors. Mr. Nguyen gave money to family members to take to Vietnam to provide care for his elderly parents. He put a CD in his son's name to insure that his son would have funds to care for Nguyen if he needed care. The debtor says that there was no attempt to hide the

transfer. If there was any fraud, the CD would not have been placed in his son's name because that transfer would obviously be discovered by his creditors. Nguyen also stated that the transfer of his business account to a new name (Tip & Toe Nail Salon LLC) was to allow him to use the money to pay bills. The Government had frozen the other account. The LLC had been incorporated long before the transfer.

## LAW

The United States asserts that Nguyen's case and plan were not filed in good faith pursuant to 11 U.S.C. § 1325(a)(3) and (a)(7). The debtor asserts that the plan is confirmable because it is in good faith and meets the requirements of section 1325. The debtor must prove his case by a preponderance of the evidence. *In re Lavilla*, 425 B.R. 572, 576 (Bankr. E.D. Ca. 2010).

Section 1325(a)(7) requires that "the action of the debtor in filing the petition was in good faith." Section 1325(a)(3) requires that the plan be filed in good faith. The Court will discuss the two sections separately.

Section 1325(a)(3) has been held to mean that "a plan is generally proposed in good faith when it seeks nothing more than what the law would allow." *In re Johnson*, 428 B.R. 22, 24 (Bankr. W.D.N.Y. 2010). The court believes that Nguyen's plan does not seek any relief not allowed by law. Therefore, the requirement of section 1325(a)(3) is met.

Whether a chapter 13 bankruptcy filing is in good faith can be determined at confirmation due to the placement of section 1325(a)(7) in the confirmation standards for a chapter 13 plan by the Bankruptcy Abuse Prevention Consumer Protection Act of 2005. *In re Curtis*, 2010 WL 1444851, *2 (Bankr. S.D. Ill. 2010). The Bankruptcy Code does not define "good faith." *Lavilla*, 425 B.R. at 576. Good faith is determined by looking at the totality of the

3

circumstances.  The Eleventh Circuit has set forth a list of factors to look at in determining good faith in a chapter 13 case.  *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983).  The United States asserts that one of the *Kitchens* factors, "the circumstances under which the debtor contracted his debts and his demonstrated bona fides, or lack of same in dealings with his creditors," should be determinative in this case.  *Id*. at 889.  Other cases post-BAPCPA have utilized pre-BAPCPA decisions to determine how to gauge what is a "good faith" filing under section 1325(a)(7).  *E.g.*, *In re Jongsma*, 402 B.R. 858 (Bankr. N.D. Ind. 2009); *In re Shafer*, 393 B.R. 655 (Bankr. W.D. Wis. 2008).

Nguyen moved his assets around in ways that put virtually all of his cash out of the reach of the United States.  He still has substantial equity in his home, but it alone is not sufficient to guarantee that, if Nguyen defaults on his plan, the United States will be able to be made whole.  At the time of entry of the judgment, Nguyen had sufficient assets to satisfy the judgment.  Nguyen has reasons why some of the actions he took that dissipated all of his liquid assets occurred, but not all of them.  He does not explain why he took the $40000 line of credit draw; he did not fully explain why he had loans from 5 people and why he needed to repay all of them at once and paid nothing to the United States; he did not explain satisfactorily why he had to put a $40000 CD in his son's name at the exact time when he was in trouble with the Government.

The court realizes that, if the plan is not confirmed, the debtor may be left with no way to deal with the civil judgment except to pay it or have the Government collect it through involuntary means.  The Court, however, cannot condone the hiding of assets and the stretching of repayment of the debt for five years at no interest when it appears it could have been paid in part or full with no bankruptcy. Nguyen has not proved good faith in the filing of his case.  Confirmation of his plan will be denied.

4

However, the Court will allow Nguyen time to file an amended plan, if he desires to, prior to entertaining any motion to dismiss by the trustee or United States. Any amended plan would have to include some sizeable payments early in the case that would come from return to the debtor of some of the money that the debtor has not shown was actually spent on true debts or with good intent (the $85,000 in loans and the $40,000 CD) and some mechanism to pay interest on the debt to the United States as well since the debtor clearly has the capacity (if the dissipated funds are returned) to pay the interest or an agreement that the interest is not dischargeable.

THEREFORE IT IS ORDERED that confirmation of the plan of debtor Thu L. Nguyen is DENIED.

DATED: June 30, 2010

MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE